**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0428-18T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

LATREY EVANS,

      Defendant-Appellant.

_____

Submitted December 11, 2019 – Decided December 18, 2019

Before Judges Haas and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment Nos. 15-04-0563 and 15-06-0708.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth H. Smith, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Latrey Evans appeals from the August 29, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On September 13, 2014, defendant stole a car belonging to C.D.[1] Later that day, defendant stole D.S.'s car after he found it with the engine running near a convenience store. When D.S. saw defendant in his car, he attempted to get into it. Defendant pushed D.S. away and drove off.

The police were alerted, and defendant led them on a car chase on the Garden State Parkway through three different counties. While he was eluding the police, defendant caused an accident in which A.R., who was a passenger in another car, was injured. A.R. was taken to the hospital, where she was prescribed pain medication.

Defendant was stopped at a toll plaza, but he got out of the car and attempted to flee on foot before the police were able to arrest him.

A Bergen County grand jury returned a one-count indictment, Indictment No. 15-06-00708-I, charging defendant with third-degree theft of C.D.'s car, N.J.S.A. 2C:20-3(a). In connection with the second car theft that day, the grand jury returned Indictment 15-04-00563-I, and charged defendant with second-

---

[1] We use initials to refer to the victims to protect their privacy.

degree robbery, N.J.S.A. 2C:15-1 (count one); second-degree eluding, N.J.S.A. 2C:29-2(b) (count two); second-degree aggravated assault for causing A.R to suffer bodily injury while he was eluding the police, N.J.S.A. 2C:12-1(b)(6) (count three); third-degree receiving stolen property, N.J.S.A. 2C:20-7(a) (count four); and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2) (count five).

On the day before defendant's trial for these offenses was to begin, defendant agreed to enter an open plea to all of the charges after receiving the input of the trial judge.[2] Of particular relevance to the issue raised on appeal, the judge engaged in a lengthy colloquy with defendant concerning the assistance provided by his attorney concerning the plea, and the factual basis for it.

During the colloquy, defense counsel confirmed he had obtained discovery from the State, including A.R.'s "actual medical records" from St. Joseph's Medical Center. While providing his factual basis for pleading guilty to causing bodily injury to A.R. in the course of eluding the police, defendant acknowledged reviewing those medical records with his attorney and that they

---

[2] Pursuant to Rule 3:9-3(c), the judge advised defendant that she planned to impose no more than an aggregate six-year term, subject to an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2, if he pled guilty to all of the charges.

A-0428-18T4

showed A.R. "suffered some bodily injury because she was in pain" and "was given some sort of pills, painkillers or something of that sort."

The judge determined that defendant had provided an adequate factual basis for the aggravated assault charge, and for the other offenses included in the two indictments. She therefore accepted defendant's guilty plea.

The judge subsequently sentenced defendant under Indictment 15-04-0563 to concurrent six-year terms on counts one, two, and three, to a concurrent three-year term on count four, and to a concurrent eighteen-month term on count five. The judge imposed a concurrent three-year term on count one of Indictment No. 15-06-0708.

Defendant did not file a direct appeal from his conviction and sentence. However, defendant filed a timely PCR petition in which he alleged, among other things, that his attorney was ineffective because he failed to review A.R.'s medical records with him prior to the trial. In a certification submitted with the assistance of counsel, defendant baldly asserted that because he did not receive the "medical records of the crash victim," he was unable to prove he "did not cause serious bodily injury" to her. If he had been given this information, defendant claimed he would have received a lesser sentence.

A-0428-18T4

In a thorough written decision, the judge[3] concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687, (1984), which requires a showing that counsel's performance was deficient and that, but for the deficient performance, the result would have been different. The judge noted that in order to sustain a finding of guilt on an aggravated assault charged under N.J.S.A. 2C:12-1(b)(6), the State was not required to prove that the victim sustained "serious bodily injury"[4] as defendant claimed. Instead, the State only had to establish that the victim suffered "bodily injury," which is defined as "physical pain, illness, or any impairment of physical condition." N.J.S.A. 2C:11-1(a).

Here, defendant acknowledged his attorney reviewed A.R.'s medical records with him, and that the accident defendant caused resulted in A.R. suffering pain which required her to take medication. Thus, the judge concluded that defense counsel was not ineffective and, even if he was, the result would not have been different because defendant's testimony at the plea hearing

---

[3] This was the same judge who presided at defendant's plea and sentencing hearings.

[4] "'Serious bodily injury' means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ[.]" N.J.S.A. 2C:11-1(b).

A-0428-18T4

satisfied the elements of aggravated assault under N.J.S.A. 2C:12-1(b)(6) based on his admission that he caused bodily injury to the victim. This appeal followed.

On appeal, defendant presents the following contention:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S PETITION FOR [PCR] AS DEFENDANT HAS MADE A SUFFICIENT PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL TO WARRANT AN EVIDENTIARY HEARING. DEFENDANT ALLEGES HIS COUNSEL WAS INEFFECTIVE FOR FAILING TO PROVIDE HIM WITH DISCOVERY. SUCH FAILURE LED TO DEFENDANT'S DECISION TO PLEAD GUILTY WITHOUT HAVING FULL AWARENESS OF HIS CASE AND POTENTIAL DEFENSES PRIOR TO THE PLEA.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

6

To establish a prima facie claim of ineffective assistance of counsel, the defendant

> must satisfy two prongs. First, he must demonstrate that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." An attorney's representation is deficient when it "[falls] below an objective standard of reasonableness."
>
> Second, a defendant "must show that the deficient performance prejudiced the defense." A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him a "fair trial." The prejudice standard is met if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A "reasonable probability" simply means a "probability sufficient to undermine confidence in the outcome" of the proceeding.
>
> [State v. O'Neil, 219 N.J. 598, 611 (2014) (alteration in original) (citations omitted) (quoting Strickland, 466 U.S. at 687-88, 694).]

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. The defendant must establish, by a preponderance of the credible evidence, that he is entitled to the required relief. State v. Nash, 212 N.J. 518, 541 (2013).

A-0428-18T4

We have considered defendant's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons the judge expressed in her thoughtful written opinion. We discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing, as defendant failed to present a prima facie claim of ineffective assistance of counsel warranting an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0428-18T4